## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL COLLINS, JR., #B-35214, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-169-JPG |
| | ) |
| DEWIN LEE RYKER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Samuel Collins, Jr., formerly an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

The primary pleading filed in this case is titled "leave to file petition of mandamus." In this three-page document (Doc. 1), Collins asserts that the "Lawrence Adjustment Committee is unconstitutional because it fails to adhere to [his] procedural due process rights" as set forth under certain Illinois state laws. The Court thus construes this action as challenging certain aspects of disciplinary proceedings that occurred while Collins was in Lawrence, for which Collins seeks expungement of the records.

Collins makes no allegation that the state deprived him of any constitutionally protected interest in "life, liberty, or property" without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). He makes no mention to any specific incident: nothing regarding charges made against him, nor any punishments meted out as a result. Further, Collins makes no allegation that he was denied any of the specific procedural protections required before such a deprivation may occur. *See Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983); *Wolff v. McDonnell*, 418 U.S. 539 (1974).

In summary, Collins has failed to state a claim upon which relief may be granted and, accordingly, this action is **DISMISSED** with prejudice. Collins is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: September 24, 2010.**

                                                s/ J. Phil Gilbert
                                                **U. S. District Judge**